## SUTHERLAND et ux. v. CITIZENS' STATE BANK. (No. 6348.)

(Court of Civil Appeals of Texas. San Antonio. March 3, 1920. Rehearing Denied March 31, 1920.)

1. Appeal and error ⬥1002—Verdict on conflicting evidence will not be disturbed.

Where the evidence was conflicting, the jury's special finding in favor of defendant will not be disturbed.

2. Contracts ⬥354—No conflict between special finding as to agreement to furnish funds to stock ranch.

In an action by landowners who had released purchaser on faith of agreement by defendant bank to furnish funds so that they could stock their ranch, special finding of the jury as to the making of the agreement was not inconsistent with other findings that the owners were to furnish $5 per head for cattle purchased, and that the agreement was not to become effective unless the drouth was broken, and hence findings to such effect were not inconsistent, so that they did not furnish basis for judgment.

3. Contracts ⬥278(1) — Agreement to stock ranch dependent on performance by other party to furnish part of money.

Where contract by defendant to furnish funds to enable plaintiffs to stock their ranch required plaintiffs to furnish $5 per head of the purchase price, plaintiffs cannot recover for defendant's breach, where they failed to offer to furnish such amount, particularly where defendant demanded the same.

4. Appeal and error ⬥1062(2)—Refusal of special issue on damages not error, where jury found against plaintiffs.

Where the jury found the plaintiffs were entitled to no damages, the refusal of special issue on damages was immaterial.

5. Appeal and error ⬥1068(4) — Special charge on profits harmless, where jury found there was no breach.

In action for breach of contract, giving of special charge on profits was harmless, where the jury found there was no breach.

Appeal from District Court, Jim Wells County; V. W. Taylor, Judge.

Action by John D. and Irene G. Sutherland, his wife, against the Citizens' State Bank. From judgment for defendant, plaintiffs appeal. Affirmed.

Kleberg, Stayton & North, of Corpus Christi, for appellants.

S. H. Woods, L. Broeter, W. R. Perkins, and C. C. Forry, all of Alice, for appellee.

FLY, C. J. Appellants, who are man and wife, instituted this suit against appellee, alleging that the wife was in possession of a certain ranch in Duval county, Tex., containing 5,867 acres, of which she owned 1,547 acres, and leased the balance, and so held and owned the same land in June, 1917; that at that time appellants entered into a contract with Gravis Bros. to sell to them the ranch and all the cattle owned by appellants on said ranch, and appellee was to furnish Gravis Bros. the necessary money to make the purchase, but that appellee, on account of the drouth, not being desirous of furnishing the money to Gravis Bros., agreed, if Gravis Bros. were released from their contract of purchase, as soon as the drouth was broken by rain, to furnish appellants sufficient money to restock their ranch to its capacity with good steers, the cattle to be purchased by an officer or agent of appellee; that appellants released Gravis Bros. from purchase of the ranch, and sold them all their cattle; that rains fell in February, 1918, and the ranch had a capacity to fatten at least 300 head of three and four year old steers; that appellee refused to purchase the cattle or to furnish appellants with money with which to restock the ranch, and, by repeated promises to purchase cattle or to furnish the money, prevented appellants from obtaining money elsewhere. Appellants also alleged that if the ranch had been restocked at any time during 1918 the steers could have been sold for at least $30 a head more than they would have cost, and placed their damages at $9,000. The cause was submitted to a jury on six special issues, to which the jury answered that appellee, in consideration of appellants releasing Gravis Bros. from a contract to purchase their ranch, agreed to furnish or lend appellants sufficient money to enable them to restock their ranch to its capacity with three and four year old steers; that appellee did not fail or refuse to furnish the necessary money to restock the ranch; that the agreement to furnish the money was conditioned on the breaking of the drouth, the paying by appellants of $5 a head toward the purchase price of the cattle, the interest, lease money, and other expenses of caring for the cattle and the inspection of the cattle by O. E. Cannon or Charlie Gravis, and that appellee was ready and willing to perform its part of the contract. Upon those findings, judgment was rendered in favor of appellee.

[1] The first and second assignments of error assail the conclusion of the jury that appellee did not fail or refuse to furnish money with which to restock the ranch. O. E. Cannon, vice president of the bank, swore that appellee had offered to buy 100 head of steers for appellants, and that it had never failed or refused to furnish appellants with money to restock their ranch. Cannon said: "I lived up to my agreement with them in every way." Appellants refused to comply with the contract and pay $5 a head on the cattle. J. D. Sutherland admitted that appellee agreed to pay for 100 steers, and offered to let him have $4,500. There

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was a conflict in the evidence as to the terms of the contract, and the jury resolved the conflict in favor of appellee. The third and fourth assignments of error also bear on the sufficiency of the evidence to sustain the verdict, and are overruled.

[2] There is no conflict between the finding in the first answer by the jury, to the effect that appellee, in consideration of the release of Gravis Bros. from a contract to purchase land, agreed to furnish money to restock the ranch with three and four year old steers, and a finding that there were also conditions as to the drouth breaking and the payment by appellants of a margin of $5 per head towards the purchase price of the cattle. Appellants alleged that the money was to be furnished to buy three and four year old steers after the drouth was broken. There was no such repugnancy or contradiction between the findings of the jury as to destroy the foundation for a judgment. The findings are easily reconcilable. The fifth and sixth assignments of error are overruled.

[3] It was not incumbent upon appellee, under the terms of the contract, to request or demand of appellants a payment of $5 a head on each steer purchased. It was their business to offer that sum as a condition precedent to receiving the money. It follows that it was utterly immaterial whether appellee requested the margin of $5 or not. However, Cannon swore that he did demand a margin, and appellants failed and refused to pay it. The seventh assignment is overruled.

[4] The eighth and ninth assignments of error are overruled. It is not followed by a statement showing what was contained in special issue No. 2, requested by appellants. We may infer that it was about some item of damages, and, if so, its rejection was immaterial, as the jury found that appellants were not entitled to any recovery.

[5] The tenth and eleventh assignments are without merit, and are overruled. The giving of the special charge could not possibly have injured appellant. It merely bore on profits as an item of damages, and as the jury found there was no breach of the contract by appellee, it could not have been material.

The judgment is affirmed.

⚖➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes